UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>David Hill,<br><br>Defendant. | Crim. No. 04-412 (KSH)<br><br><br><br>**Order** |

**Katharine S. Hayden, U.S.D.J.**

  **THIS MATTER** comes before the Court upon defendant Hill's letter motion dated February 13, 2009 (D.E.110), where he seeks a modification of his sentence in light of this Court's decisions in <u>United States v. Franz Copeland Sutton</u>, No. 07-426, 2007 U.S. Dist. LEXIS 79518 (D.N.J. Oct. 26, 2007), and <u>United States v. Richard Ortiz</u>, No. 06-858, 2007 U.S. Dist. LEXIS 87055 (D.N.J. Nov. 27, 2007).  In those cases, this Court granted downward variances based on conditions in the Passaic County Jail.  However, under the law, the Court has no jurisdiction to grant the relief sought by defendant's letter request.

  Federal Rule of Criminal Procedure 35(a), which proscribes the limits within which a sentencing Judge may correct or reduce a sentence, provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  The term "sentencing," as used in Rule 35, "means the oral announcement of the sentence."  Fed. R. Crim. P. 35(c).  Most importantly, Rule 35(a) is a jurisdictional restriction.  See <u>United States v. Bennett</u>, 423 F.3d 271, 277 (3d Cir. 2005).  Thus, any modification of a sentence handed down by this Court beyond the 7 day period can only come by way of the appropriate appeals and/or post-conviction relief process.  There are strict rules governing the timing and substance of a direct appeal or post-conviction petition,

and the Court does not comment upon the availability of either to defendant or the likelihood of success.

Good cause appearing,

**IT IS** on this 12th day of March, hereby

**ORDERED** that defendant's letter request, which the Court deems to be an informal application for sentencing relief, be docketed under the criminal number related to his/her case; and it is further

**ORDERED** that the Court having no jurisdiction to entertain the request or grant the relief, defendant's request is denied.

/s/  Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.